IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:16-cr-00120-AA<br>3:09-cr-00357-AA<br>**OPINION AND ORDER** |
| vs. | |
| TONY DION PARKER, | |
| Defendant. | |

AIKEN, District Judge:

Now before the Court is defendant Tony Parker's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 58. For the following reasons, the motion is DENEID.

### BACKGROUND

On November 13, 2017, defendant pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B)(viii), and 846. ECF No. 41. This plea was entered as part of negotiated settlement with the government. ECF No. 42. The criminal conduct to

which defendant pleaded guilty occurred while he was on supervised release to this Court in Case No. 3:09-cr-00357-AA.

On March 19, 2018, the Court sentenced defendant to 120 months in custody with a five-year term of supervised release to follow. ECF No. 49. Defendant was also sentenced to a consecutive sentence of one year and a day in supervised release violation case. Defendant then appealed the findings made at sentencing. ECF No. 52. The Ninth Circuit Court of Appeals later affirmed this Court's decisions. ECF No. 57. Defendant has been serving his sentence at FCI Florence with a projected release date of June 30, 2025.

Defendant filed the present motion on September 3, 2020. ECF No. 58. The Court held oral argument on this matter on October 27, 2020. ECF No. 67. The parties later filed supplemental briefing in this matter in January of 2021. ECF No. 68 and 69.

**LEGAL STANDARD**

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step

Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

First, the Court finds, and the government concedes, that defendant has exhausted his administrative remedies.

Turning to the substance of the motion, defendant argues that extraordinary and compelling reasons justifying a reduction in sentence exist in this case due to his underlying health conditions in the face of the pandemic caused by the 2019 novel coronavirus ("COVID-19"). Defendant is a 57-year-old man with a history of COPD and asthma. The U.S. Center for Disease Control has identified both of these conditions as increasing a person's risk of developing severe complications from COVID-19.

The Court would be inclined to find that extraordinary and compelling reasons exist in this case, however, COVID-19 conditions at FCI Florence appear to be under control at this time. There are currently no active cases among inmates at that facility. BOP also reports that 1163 of the 1261 inmates at FCC Florence have been fully inoculated against the virus. Given these facts, the Court does not find that

extraordinary and compelling reasons exist to reduce defendant's sentence at this time.

Also, though the pandemic, and associated conditions at FCI Florence, have made defendant's incarceration harsher than the Court anticipated at the time of sentencing, the conditions experienced by him have not been so severe or unusual that they constitute extraordinary and compelling reasons for release.

The Court need not reach consideration of the applicable sentencing factors under § 3553(a), without a finding of extraordinary and compelling reasons.[1]

## CONCLUSION

For the reasons set forth above, the defendant's motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 58) is DENIED. This denial is without prejudice, and defendant may renew the motion if circumstances change.

IT IS SO ORDERED.

Dated this __4th__ day of June 2021.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

---

[1] The Court does note, however, that defendant received a sentence well below his advisory guideline range.